[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16128
_____

D.C. Docket No. 4:08-cv-10084-STB

PETER HALMOS, Individually and on behalf
of other Insureds Under and Pursuant to
ACE-INA Insurance Contract,
INTERNATIONAL YACHTING CHARTERS, INC.,
HIGH PLAINS CAPITAL,

Plaintiffs-Counter Defendants-Appellants,

versus

INSURANCE COMPANY OF NORTH AMERICA,

Defendant-Counter Claimant-Appellee,

STRICKLAND MARINE INSURANCE, INC.,
f.k.a. Strickland Marine Agency, Inc.
HARTFORD CAPITAL APPRECIATION FUND,
HARTFORD FINANCIAL SERVICES GROUP, INC.,

Defendants.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 5, 2013)

Before CARNES, COX, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

After Insurance Company of North America (INA) paid over $24 million to International Yachting Charters, Inc., High Plains Capital Corporation, and Peter Halmos (collectively, the Plaintiffs) on various insurance claims, the Plaintiffs sued INA for breach of contract, alleging that INA failed to pay claims for expenses incurred that were covered under their insurance policies with INA. Specifically, High Plains sought around $86,000 for damages related to its motorized fishing vessel, *M/V Mongoose*; International Yachting sought over $15 million for damages related to its 158-foot sailing yacht, *S/Y Legacy*, and around $60,000 for damages related to *Island Runner*, a tender to *Legacy*. After a three-week bench trial, the magistrate judge entered judgment in favor of INA on all claims. The Plaintiffs appeal.

We note at the outset that we need not address all of Plaintiffs' claims. Halmos asserted a claim for unjust enrichment and quantum meruit against INA, but we need not address these claims because Halmos does not challenge the magistrate judge's ruling in favor on INA on these claims. *See Cooper v. Smith*,

---

[*] Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

89 F.3d 761, 763 n.2 (11th Cir. 1996) (noting that if a party does not challenge a ruling on appeal, we will not address the ruling).  Likewise, we need not address International Yachting's claim for damage to *Legacy* from an allision because International Yachting does not challenge the magistrate judge's ruling on that claim.  And, we need not address International Yachting's claim for damage to *Island Runner*; International Yachting only challenges the ruling that it breached the policy by committing fraud.  It does not challenge the ruling that its claimed costs are not covered under the policy.  International Yachting thus abandons any argument that the *Island Runner* claim is covered by the policy.

We therefore only address whether the magistrate judge erred in entering judgment in favor of INA on (A) High Plains's claims relating to *Mongoose* and (B) International Yachting's claims relating to *Legacy*, and (C) whether the magistrate judge erred in denying Plaintiffs' "motion for a directed verdict."

The Plaintiffs and INA agreed at oral argument that if we examined each of the Plaintiffs' claims and determined that the claim could be decided as a matter of law, we could proceed without addressing the other arguments presented on appeal.  We accept the agreement of the parties and proceed accordingly.  After reviewing the record, we conclude that the Plaintiffs' claims that we address fail as

3

a matter of law because the Plaintiffs have either failed to prove that their expenses were reasonable and necessary or failed to prove their damages altogether.

## A. *Mongoose*

High Plains claimed expenses under its INA policy for damages to *Mongoose*. High Plains planned to present the testimony of Peter Halmos to establish the reasonableness and necessity of the expenses. The magistrate judge excluded Halmos's testimony, concluding that he was not qualified. On appeal, High Plains contends that the magistrate judge erred in not allowing Halmos to testify as to reasonableness and necessity.

The Federal Rules of Evidence apply to this question, and because High Plains concedes that Halmos is not an expert, we look to whether he was qualified to testify under Federal Rule of Evidence 701.

Our decision in *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213 (11th Cir. 2003), is instructive. There, we allowed witnesses to testify about the reasonableness of repair charges because their testimony was "based upon their particularized knowledge garnered from years of experience within the field." *Id.* at 1223. In this case, High Plains failed to establish that Halmos's planned testimony was based on his "particularized knowledge" of salvaging vessels or protecting vessels from further damage. As a result, the

4

magistrate judge correctly ruled that Halmos could not testify as to whether the expenses that High Plains incurred were reasonable and necessary. High Plains agrees that it was required to prove the reasonableness and necessity of its expenses for them to be recoverable under the policy. (*See* High Plains's Br. at 47.) High Plains failed to prove that its expenses are recoverable.

## B. *Legacy*

International Yachting claimed expenses related to (1) charges it incurred after *Legacy*'s extraction from the sanctuary, (2) attorney's fees incurred to negotiate with the National Oceanic and Atmospheric Administration to remove *Legacy* from the sanctuary, and (3) remediation expenses to fix the area damaged by *Legacy*'s grounding.

The post-extraction claim fails because International Yachting did not establish the reasonableness and necessity of its expenses, which it agrees it was required to do. (*See* International Yachting's Br. at 79.) And because Halmos was not qualified to testify as to these issues, International Yachting failed to present any evidence establishing the reasonableness and necessity of its claimed post-extraction expenses.

The attorney's fees claim fails because International Yachting did not prove its damages. It failed to point the magistrate judge to evidence supporting the

5

exact amount of attorney's fees it claims it incurred. We have independently reviewed the record, and we have looked to the evidence that International Yachting cites in its Proposed Findings of Fact and Conclusions of Law that it submitted to the magistrate judge following trial. (*See* Dkt. 1414 at 43–44.) In support of this claim, International Yachting cites to hundreds of pages of unorganized receipts and a spreadsheet over 100 pages long purporting—although unclearly—to memorialize all of International Yachting's expenses from October 2005 to October 2010. This is not a sufficient method of proof. In our adversarial system, the burden rests on the parties to present evidence in an ordered manner. *See Ondine Shipping Corp. v. Cataldo*, 24 F.3d 353, 356 (1st Cir. 2004) ("[I]t is the parties' responsibility to marshal evidence and prove their points. Litigants cannot expect the court to do their homework for them."); *Spectrofuge Corp. v. Beckman Instruments, Inc.*, 575 F.2d 256, 270 n.47 (5th Cir. 1978) ("Federal courts are sufficiently burdened as it is without having to spend hours finding and organizing the parties' evidence."). The court will not—and should not—have to sift through unorganized materials to determine damages.

The remediation claim fails for the same reason. International Yachting points to hundreds of pages of disordered receipts and a spreadsheet over 100 pages long as proof of its damages. This is inadequate.

6

C.

Finally, Plaintiffs argue that the magistrate judge erred in denying their "motion for a directed verdict" on the grounds that INA had confessed coverage by paying some of Plaintiffs' claims.  This argument is meritless.

Accordingly, we affirm the judgment in favor of INA.

AFFIRMED.